My name is Mike Hinckley and with me is Heath Irvin. We're representing the plaintiffs in this matter. When I talk about this case with people, I like to say it's a, grandiosely, it's a civil rights case. We filed as a class. And then they say, well, what's it about? I say, barking dogs. And then they smile. But it isn't a laughing matter. The fact is, dogs bark. It's inherent in their nature. So it also can be annoying. There's a tension between the natural right and desire of people to have a dog and their neighbor's right to have quiet enjoyment of their property. So it's a property rights case where there's always going to be a natural tension. And how does a city deal with that? Most cities deal with it by adopting an ordinance that has a reasonable person standard. And that's fine, because as soon as you allow it to be subjective standard, which we believe the city's is, you allow a neighbor in the city of Spokane to simply say, I am disturbed. Look, I don't think there's any question if this were subjective. But when you read the ordinance as a whole, it's just inescapable that it's not. It depends upon unreasonable disturbance, inhabitual howling, barking, whining, screaming, whatever, noisemaking. The unreasonableness is in Part A. Well, I understand. That's your position. But I'm suggesting that when I read the entire ordinance, it is inescapable to say that the disturbed person means the disturbed person who is unreasonably disturbed referred to in 1. Otherwise, 2 makes no sense. So interpret it. If one interprets it that way, then there's no problem, right? I would agree. I would absolutely agree. The problem that we have is that it's a person of common intelligence rather than an appellate court judge who has greater than common intelligence. And the fact of the matter is you absolutely – I think I can get a unanimous opinion on that, right? So we – Well, you'd probably get some dissents. As Justice Jackson once said, you know, don't ever flatter judges because they think too well enough of themselves already. Well, I just wanted to agree on one point. Yeah, but the other point I think we can agree on, and I agree with your point, except that look at Officer Trapedas' testimony. He's the primary enforcement guy. He's a special commissioned police officer, pages 25 through 36 of the excerpts of record. I put him in a fork, as a litigation lawyer does when you're cross-examining something. Did you have probable cause or did you not have probable cause? Do you have probable cause or is the statute unconstitutional? That was the fork he had to choose. Variably he chose either one. At one point he admits he didn't have probable cause. At the other point he says that the statute – that the statute doesn't require unreasonableness. But where were you doing this? In – this was in state court defending. And this is the problem. As someone – Okay, but so the argument you're making is that – What? That there has to be some judicial officer who is deciding on each of these complaints, whether or not there's been a statement of reasonable cause? The problem is that – the first point I'm making, and if I could do it in the order that I was beginning with Judge Reimer's comment. The first is that the officer did not have enough guidance to know, because he's issuing the citation saying under penalty of perjury that he had probable cause. But the only information he had – There have to be regulations. I'm sorry? Are you saying there have to be regulations? I'm saying that despite Judge Reimer's comment, the officer could not understand the ordinance the way that she did, because he swore under penalty of perjury that a violation had been committed under a probable cause standard. But the only information he had was a form pre-printed that says I am disturbed and I live within 300 feet. So the officer himself did not have enough guidance, and that is one of the standards of the due process argument, is does the officer have enough guidance to effectively enforce it, fairly enforce it. And in this case, they enforce it as though Part B trumps Part A. At the end of Part A, there's a period, and then Part A says it is a violation, and the officer says, oh, it is a violation. And then if you hire an expensive lawyer to come defend, then when you get to court and you argue these points to the judge, the judge says, well, we're going to apply unreasonableness. And we actually won in Stevens. And another lawyer handled Hayes and didn't, interestingly enough. And Hayes, the date that they said the dog was barking, the dog had an alibi. He wasn't there. And so what they did is they just said, well, it was some day, some time. And they never did pin down what days, and the judge says, well, that's habitually. That's continually. You don't have to say when. We just know it was a lot. But the one day that the lawyer properly focused on was the day in the citation. And you've got to understand how these forms are filled out by these citizens. Read, and I'll give you the yard numbers if you need them. But they're all the same. They're all exactly worded the same. How often does that happen among human beings? Three people word the same thing. Or it says, I'm disturbed. That's the preprinted part. Yeah. I mean, it's a form that says, I'm disturbed. The form, I mean, as a practical matter, is it really going to make any difference if the form says, I am unreasonably disturbed? The point is you say, I slipped and fell. You don't say, I slipped and I fell because someone didn't exercise, failed to exercise a standard of care that they should have exercised. I agree. That is the standard that you apply to the slip and fall. The standard you apply to the normal citizens being disturbed is, well, was that reasonable objectively to be disturbed by that particular bark? I absolutely agree with you. The beginning point should be, I was reasonably disturbed. It ought to be a sworn statement. But what I want and what you're saying is exactly right. There ought to be a paragraph, please describe how you were disturbed by this dog's conduct. And then you write out, the dog barks every day. In our case, it was 13 seconds. The neighbors just got together. Our guy thinks it's for one reason. It's clear that it wasn't about the dog barking because when it broke the guy down across examine, it was 15 seconds of dog barking. Counsel, it seems to me that if a private citizen takes the trouble to say that he was disturbed by the barking and you then have an opportunity to come into court and show that his position was unreasonable, that he shouldn't, and you won on that, it seems to me there's a distinction between probable cause and proof in court. And so the question is, how much do you have to say to have probable cause? And I suggest that if a citizen says and fills out the form, I was disturbed, that that's enough to get you into court. And then you have the opportunity to show, well, really, he didn't have the basis for saying that he was disturbed. He was off on a trip someplace, the dog was not there that day, or that the barking only took a little bit of time. All that gives an opportunity for the owner of the dog to be fully protected. There is no notice or opportunity to be heard. There is an opportunity to be heard, but you don't know what, other than the citation, which lists a specific date and time, you don't know what the conduct was. And, in fact, these citizen's petitions, you can't get them if you're an ordinary person. You have to get them from a spoke animal and jump through a bunch of hoops and pay their money. So it's not even attached to the citation. All you have is a citation officer with probable cause. It would be as though you're arrested for speeding when you leave here, and the officer cites you because somebody called in and said, hey, I was driving down the freeway, I saw this car go by, it was going too fast. What do you mean, how fast was it going? I don't really, it was just fast. You know, you're not explaining the factual basis. Speeding is easy because you have a limit that's been set, and you can have a violation of that limit. This is a subjective analysis because dogs do bark. Some person's sensibility is different than another person's sensibilities. So when a neighbor says they're disturbed, you've gone right into the heart of a due process violation. It's like the cases where police officers, we used to allow them to arrest people if they thought a muffler was too loud subjectively or if a sign was obscene subjectively. We don't do that. It has to be a reasonable person analysis. You're sticking a subjective analysis to put someone in a mandatory court appearance, in most instances here, facing a fine up to $1,500, having to hire a lawyer, not even knowing what the accusations are, and then trying to defend yourself. You know the accusation was that the dog barked on a particular day. And just like I guess it was Mr. Hayes did, goes in and says, ah. Well, but the dog barking on the day is not an unreasonable thing because a dog often barks on a day. It has to be continually, habitually, and unreasonably. And you don't know what that allegation is. I've got 48 seconds left. I'd like to save those. Sure. I want to ask you something before you sit down. You had an opportunity in state court to go to a court of record and have this thing all retried. Is that correct? Yes. Maybe not as to your fellow who won. You maybe don't want to go there, but as to the other one. So maybe we don't have jurisdiction anymore, that that's been decided and you should have taken that other route. Well, I saw the backhanded reference to a Rooker-Feldman argument in their brief. The due process issue is a noble issue before you. It is a constitutional level claim. And if there were factual determinations that mattered, then yes. But as far as the court having jurisdiction, we're not asking you to under the Exxon standard say that we had a harm that was caused by the judgment of the court. And, in fact, to the contrary, in Stephen's case, we won. So, of course, we wouldn't be raising you to COTA there. But the analysis of Rob Sines, the commissioner, that there was probable cause or the statute wasn't unconstitutional and whatever he might have had as the respondent's brief urged, it has no bearing because you are the better determiners of constitutional claims like due process than a commissioner of a lower court. State courts are perfectly capable of. They can be. Yes. They can be. They were in this case once in Fisher, but our claims are somewhat different. Thank you. Okay. Thank you, Mr. Kinkley. Mr. Huber. May it please the Court. I'm Carl Huber. I'm with the law firm of Winston and Cachet. And I'm here this morning on behalf of both the city of Spokane and Spokanimal Care. It's the city's ordinance. Spokanimal Care is a nonprofit agency that contracts with the city to do and provide animal control services. I think our analysis this morning starts with a number of controlling rules that I don't think are in dispute. One, the city's ordinance is presumed constitutional. Plaintiffs have the burden to prove beyond a reasonable doubt it's not constitutional. We're required to give persons of ordinary intelligence fair notice of the conduct it prescribes. And laws that impose civil sanctions are tested under a less stringent test than those that impose criminal sanctions. So you've kind of changed your ordinance substantially. It's no longer a criminal ordinance, and you've done some other things to make it constitutional. Is that right? Right. In fact, the Washington Supreme Court in the Fisher decision struck down the former version, which was a criminal case and it had no objective standard contained with it. The Spokane City Council reenacted it. They changed it from a criminal statute or, excuse me, a criminal ordinance to a civil ordinance, an infraction. They also added the objective standard of reasonableness within the language of it. Yes, Judge. Why doesn't your form, which you distribute to citizens, have that reasonable standard, reasonable put into the form? Judge, I don't know. I don't think there's anything in the record as to why it doesn't. I think we can certainly debate that it should. But it didn't in this case. But I think to a certain extent, all of this discussion on the barking dog petition is a red herring. If the citation is contested, the citizen is entitled to have a hearing. Both Mr. Stevens and Mr. Hayes went to trial, and the city had the burden to prove in the hearing that they'd violated the ordinance. The charging document is the citation. And we haven't heard anything that the citation lacked any of the required specificity required by the court rules. It told the citizen we've got the name, address, where it took place, the name and badge number of the issuing officer. What instead we have is the argument that an internal form used by the agency, Spoke Animal Care, which is used to track the identity of witnesses in the event this case goes to trial, doesn't contain the word reasonable. In a perfect world, should it? It probably should. But it's sort of like saying that a form being used by the police as part of their investigation doesn't set forth every element of the charged defense. Therefore, the underlying statute is unconstitutionally vague. This is an internal agency investigative form. It's not part of the charging document. It's not filed with the court. It's irrelevant to the constitutional challenge. This is a form that Spoke Animal uses to investigate these cases. And if we're looking at the mechanics of how a charging decision is made, I'd ask you to consider the affidavit of Gail Mackey, who's the executive director of Spoke Animal Care. And in that affidavit, which is in the supplemental excerpt of record, page 67, she said upon first complaint, they contact the owner. Second complaint, they send out the barking dog petition. And if it's filled out and it's filled out properly, they verify that there's been a prior warning. And at that point, a citation may be issued. Looking at the ordinance itself, the city enacted a policy to regulate habitually barking dogs. They get to do that. Dogs naturally make noise, and a certain amount of noise is acceptable. But the ordinance is only violated when the noise is unreasonable. And here, the ordinance itself incorporates a reasonableness standard. Nights submit, the ordinance is pretty clear. You may not allow an animal to unreasonably disturb others with habitual barking, howling, yelping, whining, or other oral noises. There's no need to guess what is prohibited. A reasonable person will quickly see what is being regulated, and there's fair notice of what is prohibited. Well, if I got one of these, he gets one of these petitions, is that it? He gets a copy of the petition? The owner who's being challenged? The person who receives the citation will get a copy of the citation. But not the petitions? That's correct. So how does he know what it is that's underlying the... How does he find out what the underlying basis is? The back of the citation, which they're included in the record here, says that the barking dog petitions are available from Spokanimal Care. Okay, but they're accessible. They don't come with the citation, but they can be gotten. That's correct. He suggested it may be a hassle to get them, but they aren't kept confidential. Oh, no. They're available. And what's also included in the affidavit of Gail Mackey is that they used to be filed with the citations, but at the request of the municipal court clerk, they asked them to stop filing them. So they don't file them, but they're readily available. They do charge $12 to gather them, and they'll mail them and bill the attorney or the citizen who has them. So what if this process is triggered by a vindictive neighbor who puts the person through this kind of hassle where, A, they have to pay money to get the petitions. They go through the process and find out it's a totally bogus claim, and D, the dog wasn't even in the area on the day. His satisfaction is he doesn't have to pay the penalties. Is the complaining person subject to any kind of sanctions for prosecution or anything like that? I don't believe so. As part of the proceeding, I don't believe so. I think this is a civil proceeding, and I think whatever remedies would be available to anyone who feels they've been wrongly drug into a civil proceeding, they can pursue those. And I think if you spend some time at the various trial courts, you see that it's probably not unusual that somebody feels they've been wrong being brought into a lawsuit. But there isn't any procedure set up whereby the person who prevails on a barking dog case can recover damages against one of the three people that filed the barking dog petition. Does it have to be three different people, or just the same person? No, I think it has to be from three neighbors that live within 300 feet. So it has to be a conspiracy to harass? Well, I guess we label it many different ways. I also think that if you're going to allege a conspiracy, you have some obligation to present some proof. I was just making a bad joke. To wrap up, the barking dog petition has nothing to do with whether or not this ordinance is unconstitutional, and I'll stand on my brief for the balance of my argument. Thank you. Okay. So you're not by default, somebody has to hire a lawyer, and you don't even know what you're charged with. As far as the conspiracy goes, what the record in this case shows is that all of the petitions are word for word the same. They admitted that they got together and filled them out together. One was the Stevens case. It was a boyfriend-girlfriend who happened to live near each other. The Hayes case was an ex-wife. And the Hayes, they're typed the same. I mean, all the little parts they do fill in. What they should be doing to answer the question, adding that I'm unreasonably disturbed, that would be a first step. But what it ought to be is, like any other citizen complaint, a factual basis. Otherwise, what we have here, I mean, our argument ought to be, from the sound of things, that we have this officer who's been lying under oath that he had probable cause to bring all of these people in. He has no qualified immunity because he doesn't have any factual basis to say that these people were unreasonably disturbed. Secondly, the point, cross out B. Just take your pen, cross it out. How does it change the ordinance the way the city is now claiming it's written? Why have a B there? Any person is any person, whether they live 300 feet or they live 301 feet. Is the city now saying that if you live 301 feet, you cannot be annoyed by a dog, period? Is that all I got? All right. Thank you. Thank you. We understand your argument, and we appreciate your argument, both of you. Yeah. The matter just argued will be submitted, and the Court will take a brief recess between cases. All rise. This Court stands in recess.
judges: Fletcher, Rymer, Fisher